FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

00 MAY 30 AM 9: 24

CLERK, US. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**NANCY BATES** and
**JONATHAN BATES**
15 Red Bay Court
Homossassa, FL 34446

   Plaintiffs,

vs.

**BAXTER HEALTHCARE CORPORATION**
a/k/a **BAXTER INTERNATIONAL, INC.**
One Baxter Parkway
Deerfield, IL 60015

and

**BAXTER HEALTHCARE, S.A.**
Plot 20-23, Kampung Jawa
11900 Bayan Lepas
Penang
Malaysia

and

**ALLEGIANCE CORPORATION a/k/a**
**ALLEGIANCE HEALTHCARE CORPORATION**
1430 Waukegan Road
McGraw Park, IL 60085

and

**ANSELL HEALTHCARE PRODUCTS, INC.**
in its own right and as successor-in-interest
to Ansell Perry, Inc., Ansell Incorporated, and
Ansell Acquisition Corp.
200 Schultz Drive
Red Bank, NJ 07701

and
**SMITH & NEPHEW AHP, INC.,** in its own
right and as successor-in-interest to Smith &
Nephew, Inc., Smith & Nephew Perry a/k/a
Smith & Nephew Medical, Perry Rubber

: CIVIL ACTION
: COMPLAINT
: 3:00-CV-553-J-20A
:
: **JURY TRAIL DEMANDED**
:
:
:
: IN RE:
: LATEX GLOVE
: LITIGATION
:
:
: MDL 1148

1

Corp., and Affiliated Hospital Products, Inc. :
1450 Brooks Road :
Memphis, TN 38116 :
: 
    and :
: 
Kendall International, Inc a/k/a :
Kendall Healthcare Products Company a/k/a :
Kendall-Superior Health Care Group, Inc. :
a/k/a CDK Holding Corp. a/k/a :
CDK Holdings :
15 Hampshire Street :
Mansfield, MA 02048 :
: 
    and :
: 
The Kendall Company a division of :
Tyco International, LTD. :
15 Hampshire Street :
Mansfield, MA 02048 :
: 
    and :
: 
VHA, Inc. :
220 E. Las Colinas Blvd :
Irving, TX 75039 :
: 
    and :
: 
HEALTH INDUSTRY :
MANUFACTURERS ASSOCIATION :
1200 G. Street, N.W. :
Room 400 :
Washington, DC 20005 :
: 
    and :
: 
JOHN DOES 1-100 :
(fictitious names for entities :
who manufactured, distributed, or sold :
latex containing gloves whose present :
identity is unknown) :

**CIVIL ACTION COMPLAINT**

Plaintiff, for her Complaint, does hereby aver the following:

## JURISDICTIONAL STATEMENT

1.      This action is brought pursuant to 42 U.S.C. § 1332, and plaintiffs hereby aver that the amount in controversy in the above captioned matter exceeds the jurisdictional limits and that said controversy arises between citizens of different states as is required by the aforementioned statute in order to invoke the "Diversity of Citizenship" jurisdiction of this Court. Plaintiff further invokes the pendant and/or supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

2.      Plaintiff, Nancy Bates (hereinafter "plaintiff"), is an adult individual residing at the address listed in the caption and is a citizens of the State of Florida.

3.      Defendants are business entities as listed in the caption and are citizens of states other than Florida with principal places of business as listed in the caption. More specifically:

      a.      Baxter Healthcare Corporation a/k/a Baxter International, Inc., is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at One Baxter Parkway, Deerfield, IL 60015.

      b.      Baxter Healthcare, S.A. is corporation duly organized and existing under the laws of the country of Panama with a principal place of business located at Plot 20-23, Kampung Jawa, 11900 Bayan Lepas, Penang, Malaysia.

c. Allegiance Corporation a/k/a Allegiance Healthcare Corporation is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 1430 Waukegan Rd., McGraw Park, IL 60085.

d. Ansell Healthcare Products, Inc. in its own right and as successor-in-interest to Ansell Perry, Inc., Ansell Incorporated, and Ansell Acquisition Corp. is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 200 Schultz Drive Red Bank, NJ 07701.

e. Smith & Nephew AHP, INC., in its own right and as successor-in-interest to Smith & Nephew, Inc., Smith & Nephew Perry a/k/a Smith & Nephew Medical, Perry Rubber Corp., and Affiliated Hospital Products, Inc. is a corporation duly organized and existing under the laws of the State of Tennessee with a principal place of business located at 1450 Brooks Road, Memphis, TN 38116.

f. Kendall International, Inc a/k/a Kendall Healthcare Products Company a/k/a Kendall-Superior Health Care Group, Inc. a/k/a CDK Holding Corp. a/k/a CDK Holdings is a corporation duly organized and existing under the laws of the State of Massachusetts with a principal place of business located at 15 Hampshire Street, Mansfield, MA 02048.

g. The Kendall Company a division of Tyco International, LTD. is a corporation duly organized and existing under the laws of the State of Massachusetts with a principal place of business located at 15 Hampshire

Street, Mansfield, MA 02048.

h.  VHA, Inc. is a corporation duly organized and existing under the laws of the State of Texas with a principal place of business located at 220 E. Las Colinas Blvd, Irving, TX 75039.

4.  Defendant Health Industry Manufacturers Association ("HIMA") was not a seller of latex or latex-containing gloves, but rather was and is a trade association with its principle place of business in a state other than Florida as listed in the caption.

## SUBSTANTIVE ALLEGATIONS

5.  At all times relevant and material hereto, the Defendants listed above have purposefully established minimum contacts with the forum state by delivering their products into the stream of commerce, with the knowledge and expectation that they would be used in the forum state, and those products subsequently injured a resident of the State of Florida, specifically plaintiff.

6.  As a result of the Defendants' purposeful establishment of minimum contacts with the forum state they should have reasonably anticipated that they would be subject to the jurisdiction of courts in the State of Florida.

7.  At all times relevant and material hereto, the Defendants acted and gained knowledge themselves by and through their various agents.

8.  Plaintiff, from approximately 1990 until the present was employed with Martin Memorial Medical Center, in Stuart, FL as an RN. and from approxmately 1981 until 1984 and from approximately 1985 until approximately 1990 plaintiff was employed at Hollywood Regional Hospital as an L.P.N. then later as and R.N..

9.   During her employment, Plaintiff regularly and frequently came into contact with latex and latex-containing gloves ("the gloves") of which the Defendants, as a part of their business activity, were sellers, defined herein as the actual, apparent and/or ostensible manufacturers, suppliers, distributors, jobbers, assemblers, fabricators, sellers, wholesalers, proprietors, merchants, warrantors, promoters, designers, importers, trademark licensors, and/or otherwise having roles in the chain of distribution and in placing the gloves into the stream of commerce.

10.  As a direct and proximate result of the liability-producing conduct of the Defendants and the defective and unreasonably dangerous condition of their gloves, for which condition Defendants are jointly and severally liable, Plaintiff has suffered physical injury and damage and has contracted severe and irreversible Type-1 latex allergy, which is believed to be permanent and life threatening.

11.  As a direct and proximate result of Defendants' liability-producing conduct and defective products, Plaintiff has in the past and will in the future experience physical injuries, pain and suffering, loss of enjoyment of life, lost wages, lost earning capacity, medical expenses, medical monitoring expenses, embarrassment and humiliation, fright and apprehension, and emotional distress, all of which are believed to be permanent.

## ALLEGATIONS OF DEFECT

12.  Plaintiff incorporates by reference all preceding paragraphs, as though set forth fully herein.

13.  Defendants' latex and latex-containing gloves were defective and unreasonably

dangerous because they:

    a.    Had a high amount of extractable proteins remaining in the finished latex product, which could have been reduced prior to the product leaving the defendant's control;

    b.    Had a propensity to cause latex and/or latex protein allergic sensitivity and Type-1 latex allergy;

    c.    Had an excessive powder content;

    d.    Were constructed of potentially dangerous materials and/or were not subjected to available and feasible alternative manufacturing processes which would have reduced and/or eliminated such danger;

    e.    Lacked adequate warnings in connection with the above;

    f.    Were not safe in design for their intended and foreseeable uses, and feasible alternative designs existed;

    g.    Were not safe in manufacture for their intended and foreseeable uses;

    h.    Did not have affixed to them adequate warnings and advisories to foreseeable users such as Plaintiff of the dangers of using Defendants' latex and/or latex-containing gloves;

    i.    The process by which they were manufactured were not the product of reasonable tests, inspections, and/or evaluations;

    j.    Were not subjected to corrective action, including but not limited to removing the dangerous and removable substances and making the latex and/or latex-containing gloves safe for their intended use;

    k.    Did not comply with standards, including but not limited to accepted

industry standards, FDA recommendations, government regulations, statutes, and good manufacturing practice principles regarding the design, manufacture, affixing of warnings, and otherwise production and distribution of defendants' latex and latex-containing gloves;

    l.    Were not the subject of safe and proper manufacturing processes;

    m.    Were not constructed of proper materials;

    n.    Were not leached and/or washed and/or otherwise treated and/or processed for an adequate amount of time and/or at an adequate temperature and/or in a proper solution so as to remove protein antigens;

    o.    Were not properly cured, leached, washed, chlorinated, heat shocked, enzyme washed, or otherwise processed;

    p.    Contained excessive water-soluble proteins and were not subjected to adequate deproteinization;

    q.    Lacked elements to make them safe for their intended use;

    r.    Contained elements making them unsafe for their intended use;

    s.    Could reasonably have been made safer; and

    t.    Were defective and unreasonably dangerous as further recited below.

## COUNT I: NEGLIGENCE

14.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though set forth herein.

15.    Defendants, as sellers as defined hereinabove, owed Plaintiff a duty of due care as a foreseeable intended user of their latex and latex containing gloves, but they were

negligent and breached their duty of care to Plaintiff because they knew or should have known, or were in possession of facts which would have caused a reasonable person to inquire and, with due diligence, discover the facts and deficiencies alleged in paragraph 13. They breached their duty in one or more of the following ways.

    a.    Failing to use reasonable care to design a latex and/or latex-containing glove that was safe for its intended and foreseeable uses, not defective, and not unreasonably dangerous;

    b.    Failing to use reasonable care to manufacture a latex and/or latex-containing glove that was safe for its intended uses, not defective, and not unreasonably dangerous;

    c.    Failing to use reasonable care to adequately warn foreseeable users such as Plaintiff of the dangers of using Defendants' latex and/or latex-containing gloves;

    d.    Failing to use reasonable care to make reasonable tests, inspections, and/or evaluations necessary to discover such defects and unreasonably dangerous conditions associated with Defendants' latex and/or latex-containing gloves;

    e.    Failing to use reasonable care to take corrective action, including but not limited to removing the dangerous and removable substances and making the latex and/or latex-containing gloves safe for their intended use;

    f.    Failing to comply with and/or to use reasonable care to comply with standards of care established by accepted industry standards, FDA recommendations, government regulations and statutes, in the design, manufacture, affixing of warnings, and otherwise production and distribution of Defendants' latex and latex-containing gloves;

 g. Failing to use reasonable care to remove and/or recall from the market, retrofit, and/or otherwise prevent the continued contact of Plaintiff and persons like Plaintiff with such defects and unreasonably dangerous conditions;

 h. Failing to use reasonable care to investigate and/or use known and/or knowable reasonable alternative designs, manufacturing processes, and/or materials;

 i. Failing to use reasonable care to use safe manufacturing processes;

 j. Failing to use reasonable care to warn Plaintiff of dangers known to Defendants to be associated with latex;

 k. Failing to use reasonable care to leach and/or wash and/or otherwise process latex gloves for an adequate amount of time and/or at an adequate temperature and/or in a proper solution and/or so as to remove protein antigens;

 l. Failing to use reasonable care to properly cure, leach, wash, chlorinate, heat shock, enzyme wash, or otherwise process Defendants' latex or latex-containing gloves;

 m. Failing to use reasonable care to remove excessive water-soluble proteins and subjecting Defendants' latex and latex-containing gloves to adequate deproteinization;

 n. Failing to use reasonable care to make Defendants' latex and latex containing gloves safe;

 o. Failing to use reasonable care to discover the dangerous condition or character of defendants' latex and latex containing gloves

 p. Failing to ensure that their manufacturing facilities used reasonable care as set forth above in the foregoing subparagraphs.

16.     As a direct and proximate result of Defendants' negligence, Plaintiff was injured, has lost past income, has a future wage earning capacity, has past and future medical expenses, and her injuries and losses are permanent.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants, including costs of this action, and such other relief as the Court deems appropriate.

## COUNT II: RESTATEMENT OF TORTS § 402A: STRICT PRODUCTS LIABILITY

17.     Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs as though fully set forth herein.

18.     Defendants' latex and latex-containing gloves were defective and unreasonably dangerous at the time they left the control of the Defendants.

19.     The aforesaid latex and latex containing gloves were expected to reach, and did reach, the ultimate user or consumer, without substantial change in the condition in which they were sold and/or distributed by Defendants.

20.     As a direct and proximate result of Defendants' defective and unreasonably dangerous products, Plaintiff was injured, has lost past income, has a future wage earning capacity, has past and future medical expenses, and her injuries and losses are permanent.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants, including costs of this action and such other relief as the Court may deem appropriate.

## COUNT III:  LOSS OF CONSORTIUM

21.     Plaintiffs incorporate by reference each preceding and succeeding paragraph as

though set forth fully at length herein.

Plaintiff-spouse, Jonathan Bates, is the lawful spouse of plaintiff, and, by this Count, brings a claim for loss of consortium.

As a result of the injuries sustained to his spouse as aforesaid, plaintiff-spouse has suffered the loss of the usual services, society, and consortium of plaintiff, and spouse has been required to provide special services and care to her.

WHEREFORE, Plaintiff-spouse demands judgment for damages on this Count against Defendants.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues of the case so triable.

_____
Daniel C. Shaughnessy, Esq.
Law Offices of Robert P. Eshelman
4640 Blanding Boulevard
Jacksonville, FL 32202
Phone: (904) 777-8383
Fax: (904) 777-1330
Attorneys for Plaintiff